Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

ALEXIA MENDOZA VASQUEZ, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

BIRRIALES INC. (D/B/A BIRRIA LES CHELSEA), BIRRIALES 3 LLC (D/B/A BIRRIA LES), BIRRIALES 4 LLC (D/B/A BIRRIA LES), BIRRIALES 5 LLC (D/B/A BIRRIA LES), IQBAL “IGGY” AHMED, EMON ULLAH, RAYMUNDO GARCIA, AND NASRIN AHMED,

*Defendants.*

---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Alexia Mendoza Vasquez (“Plaintiff Mendoza” or “Ms. Mendoza”), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of Defendants Birriales Inc. (d/b/a Birria LES Chelsea), Birriales 3 LLC (d/b/a Birria LES), Birriales 4 LLC (D/B/A Birria LES), Birriales 5 LLC (D/B/A Birria LES), Iqbal “Iggy” Ahmed, Emon Ullah, Raymundo Garcia, and Nasrin Ahmed ((“Individual Defendants”), collectively, “Defendants”), as follows:

## NATURE OF ACTION

1. Plaintiff Mendoza is a former employee of Defendants Birriales Inc. (d/b/a Birria LES Chelsea), Birriales 3 LLC (d/b/a Birria LES), Birriales 4 LLC (d/b/a Birria LES), Birriales 5

LLC (D/B/A Birria LES), ("Defendant Corporation"), Iqbal "Iggy" Ahmed, Emon Ullah, Raymundo Garcia, and Nasrin Ahmed.

2. Birria LES Williamsburg is a Halal Mexican restaurant owned by Iqbal "Iggy" Ahmed, Emon Ullah, Raymundo Garcia, And Nasrin Ahmed located at 170 Bedford Avenue, Brooklyn, New York 11249; Birria LES Chelsea is also a Halal Mexican restaurant located at 154 8th Avenue, New York, New York 10011.

3. Upon information and belief, Defendants Iqbal "Iggy" Ahmed, Emon Ullah, Raymundo Garcia, And Nasrin Ahmed serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the Halal Mexican restaurants.

4. Plaintiff Mendoza is a former employee of Defendants.

5. Plaintiff Mendoza was ostensibly employed as a tipped worker, but she was required to spend all her hours each day performing non-tipped duties unrelated to tipped work, including a variety of kitchen work duties (hereinafter non-tip/non-delivery duties).

6. At all times relevant to this Complaint, Plaintiff Mendoza worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage, spread of hours pay and appropriate overtime compensation for the hours that she worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Mendoza the applicable minimum wage, and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Mendoza the required "spread of hours" pay for any day in which she worked over 10 hours per day.

9. Defendants employed and accounted for Plaintiff Mendoza as a tipped worker in their payroll, but in actuality her duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

10. At all times, regardless of duties, Defendants paid Plaintiff Mendoza and all other tipped workers at a rate that was lower than the minimum wage rate.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Mendoza's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Mendoza's actual duties in payroll records to avoid paying Plaintiff Mendoza at the minimum wage rate, and to enable them to pay Plaintiff Mendoza at a rate below the minimum wage rate by designating her as a tipped worker instead of a non-tipped employee.

13. In addition, Defendants falsely took a tip credit of $3.50 per hour in Plaintiff Mendoza's weekly checks.

14. Defendants' conduct extended beyond Plaintiff Mendoza to all other similarly situated employees.

15. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendoza and other employees to work in excess of forty (40) hours per week without providing them the minimum wage or overtime compensation required by federal and state law and regulations.

16. Plaintiff Mendoza now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17. Plaintiff Mendoza seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

18. Plaintiff Mendoza also seeks to recover backpay and damages for violations of her rights under the New York State Executive Law, §290 et seq. (the "New York Human Rights Law"), and the Administrative Code of the City of New York, §8-107 et seq. (the "New York City Human Rights Law").

**JURISDICTION AND VENUE**

19. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Mendoza's state law claims is conferred by 28 U.S.C. § 1367(a).

20. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their businesses in this district, and Plaintiff Mendoza was employed by Defendants in this district.

## PARTIES

*Plaintiff*

21. Plaintiff Mendoza is an adult individual residing in Kings County, New York.

22. Plaintiff Mendoza was employed by Defendants from approximately November 2025 until on or about February 2026 at Birria LES Williamsburg and from approximately February 2023 until on or about May 2026 at Birria LES Chelsea.

23. Plaintiff Mendoza consents to being a party plaintiff, pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24. At all times relevant to this complaint, Defendants own, operate, and/or controlled two Halal Mexican restaurants in Brooklyn and Manhattan. Birria LES Williamsburg is located at 170 Bedford Avenue, Brooklyn, New York 11249, and Birria LES Chelsea is located at 154 8th Avenue, New York, New York 10011.

25. Upon information and belief, Birriales Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 154 8th Avenue, New York, New York 10011.

26. Upon information and belief, Birriales 3 LLC is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 170 Bedford Avenue, Brooklyn, New York 11249.

27. Upon information and belief, Birriales 4 LLC is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 170 Bedford Avenue, Brooklyn, New York 11249.

28. Upon information and belief, Birriales 5 LLC is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 170 Bedford Avenue, Brooklyn, New York 11249.

29. Defendant Iqbal "Iggy" Ahmed is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Iqbal "Iggy" Ahmed is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Iqbal "Iggy" Ahmed possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation. Defendant Iqbal "Iggy" Ahmed determined the wages and compensation of the employees of Defendants, including Plaintiff Mendoza, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

30. Defendant Emon Ullah is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Emon Ullah is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Emon Ullah possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation. Defendant Emon Ullah determined the wages and compensation of the employees of

Defendants, including Plaintiff Mendoza, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

31. Defendant Raymundo Garcia is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Raymundo Garcia is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Raymundo Garcia possesses or possessed operational control over Defendant Corporation, had an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation. Defendant Raymundo Garcia determined the wages and compensation of the employees of Defendants, including Plaintiff Mendoza, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

32. Defendant Nasrin Ahmed is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Nasrin Ahmed is sued individually in her capacity as manager of Defendant Corporation. Defendant Nasrin Ahmed possesses or possessed operational control over Defendant Corporations and/or controlled significant functions of Defendant Corporation. Defendant Nasrin Ahmed determined the wages and compensation of the employees of Defendants, including Plaintiff Mendoza, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

33. Defendants operate two Halal Mexican restaurants located in the Williamsburg section of Brooklyn and the Chelsea section of Manhattan in New York City.

34. Individual Defendants Iqbal "Iggy" Ahmed, Emon Ullah, Raymundo Garcia, and Nasrin Ahmed possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

35. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

36. Each Defendant possessed substantial control over Plaintiff Mendoza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mendoza, and all similarly situated individuals, referred to herein.

37. Defendants jointly employed Plaintiff Mendoza, and all similarly situated individuals, and are Plaintiff Mendoza's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

38. In the alternative, Defendants constitute a single employer of Plaintiff Mendoza and/or similarly situated individuals.

39. Upon information and belief, individual defendants Iqbal "Iggy" Ahmed, Emon Ullah, Raymundo Garcia, And Nasrin Ahmed, operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b) defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporations for their own benefit and maintaining control over them as closed corporations or closely controlled entities;

(f) intermingling assets and debts of their own with those of Defendant Corporations;

(g) diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

40. At all relevant times, Defendants were Plaintiff Mendoza's employers within the meaning of the FLSA and NYLL.

41. Defendants had the power to hire and fire Plaintiff Mendoza, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Mendoza's services.

42. In each year from 2025 to 2026, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43. In addition, upon information and belief, Defendants and/or their enterprises are directly engaged in interstate commerce. For example, numerous items that are sold in the Halal Mexican restaurants on a daily basis, such as sodas and jalapenos, were produced outside of the State of New York.

*Individual Plaintiff*

44. Plaintiff Mendoza is a former employee of Defendants, ostensibly employed as a tipped worker, but who spent more than two hours a day performing the non-tipped worker duties outlined above.

45. Plaintiff Mendoza seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alexia Mendoza Vasquez*

46. Plaintiff Mendoza was employed by Defendants from approximately November 2025 until on or about February 2026 at Birria LES Williamsburg and from approximately February 2026 until on or about May 2026 at Birria LES Chelsea.

47. At all times relevant to this Complaint, Plaintiff Mendoza ostensibly was employed by Defendants as a tipped worker. However, Plaintiff Mendoza spent more than two hours of each work day performing the non-tip duties outlined above.

48. Plaintiff Mendoza regularly handled goods in interstate commerce, such as jalapenos and sodas produced outside of the State of New York.

49. Plaintiff Mendoza's work duties required neither discretion nor independent judgment.

50. Throughout her employment with Defendants, Plaintiff Mendoza regularly worked in excess of 40 hours per week.

51. From approximately November 2025 until on or about January 2026, Plaintiff Mendoza worked at the Birria LES Williamsburg location from approximately 5:00 p.m. until on or about 1:00 a.m. three days a week and from approximately 5:00 p.m. until on or about 4:00 a.m. on Fridays and Saturday (on average 42 hours per week).

52. From approximately February 2026 until on or about May 2026, Plaintiff Mendoza worked at the Birria LES Chelsea location 3 to four days a week (on average 31 hours per week).

53. When Plaintiff Mendoza worked 5 days a week, she worked more than 10 hours a day for 2 days of the week.

54. When Plaintiff Mendoza worked 3 days a week, she worked more than 10 hours a day for 1 day of the week.

55. When Plaintiff Mendoza worked four days a week, she worked more than 10 hours a day for two days of the week.

56. Throughout her employment with defendants, Plaintiff Mendoza was paid her wages by check.

57. From approximately November 2025 until on or about December 2025, Defendants paid Plaintiff Mendoza $13.00 per hour for the first 40 hours and $19.00 for some of the hours over 40 in a week.

58. From approximately January 2026 until on or about May 2026, Defendants paid Plaintiff Mendoza $14.00 per hour for the first 40 hours and $21.00 for some of the hours she worked over 40.

59. Plaintiff Mendoza's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

60. Specifically, Defendants required Plaintiff Mendoza to work an additional hour past her scheduled departure time, and did not pay her for the additional time she worked.

61. In addition, on one occasion, Defendants only paid Plaintiff Mendoza for 39 hours when she had worked 50 hours; although Plaintiff Mendoza brought this to the attention of her manager, she was told to accept whatever hours her employer paid her.

62. From approximately November 2025 until on or about February 2026, Defendants did not grant Plaintiff Mendoza any breaks or meal periods of any kind.

63. From approximately February 2026 until on or about May 2026, once or twice a week Plaintiff Mendoza was unable to take the 30-minute meal break defendants granted her, but defendants still deducted those 30 minutes from her weekly pay.

64. Plaintiff Mendoza never received any tips for her work, but Defendants falsely took a $3.50 per hour tip credit in Plaintiff Mendoza's weekly checks.

65. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mendoza regarding overtime and wages under the FLSA and NYLL.

66. Defendants did not provide Plaintiff Mendoza with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

67. Although Plaintiff Mendoza was required to keep track of her time, Defendants time recording system did not allow her to do so on numerous occasions.

68. Defendants never provided Plaintiff Mendoza with a written notice, in English and in Spanish (Plaintiff Mendoza's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69. As a result of Defendants' failure to provide Plaintiff Mendoza with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, she was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

*Pregnancy Discrimination*

70. On or about January 2026, Plaintiff Mendoza informed Nasrin, her manager, that she was pregnant.

71. As a result of Plaintiff Mendoza's disclosure of her pregnancy, Nasrin, her manager, immediately began to take discriminatory actions against her.

72. Specifically, Defendants subjected Plaintiff Mendoza to pregnancy discrimination by cutting down her work hours considerably; specifically, Defendants reduced her work schedule by two days each week.

73. In addition, Manager Nasrin also engaged in harassing Plaintiff Mendoza by transferring her to a work location that was very far from her residence.

74. Furthermore, on or about May 2026, Defendants stopped giving Plaintiff Mendoza any more hours of work, thus terminating Plaintiff Mendoza because of her pregnancy.

*Defendants' General Employment Practices*

75. Defendants regularly required Plaintiff Mendoza to work in excess of forty (40) hours per week without paying her the proper minimum wage, overtime compensation and the spread of hours pay.

76. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendoza (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation and/or spread of hours pay, as required by federal and state laws.

77. Defendants habitually required all tipped workers, including Plaintiff Mendoza, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

78. Defendants' pay practices resulted in Defendants' tipped workers, including Plaintiff Mendoza, not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

79. At no time did Defendants inform Plaintiff Mendoza that they had reduced her hourly wage by a tip allowance.

80. Defendants required Plaintiff Mendoza, and all other tipped workers, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as tipped workers. Plaintiff Mendoza and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

81. Plaintiff Mendoza and all other tipped workers were paid at a rate lower than the minimum wage rate by Defendants; however, under state law Defendants were not entitled to a tip

credit because Plaintiff Mendoza's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

82. New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

83. Plaintiff Mendoza's duties were not incidental to her occupation as tipped worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

84. In violation of federal and state law as codified above, Defendants classified Plaintiff Mendoza and other tipped workers as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

85. Defendants failed to post required wage and hour posters in the Halal Mexican restaurants, and did not provide Plaintiff Mendoza with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Mendoza's relative lack of sophistication in wage and hour laws.

86. Although Plaintiff Mendoza was required to keep track of her time, Defendants time recording system did not allow her to do so on numerous occasions.

87. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendoza (and similarly situated individuals) worked, and to avoid paying Plaintiff Mendoza properly for (1) her full hours worked, (2) minimum wage and (3) overtime wages.

88. Defendants failed to provide Plaintiff Mendoza and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89. Defendants failed to provide Plaintiff Mendoza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

90. As a result of Defendants' failure to provide Plaintiff Mendoza and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Mendoza and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

91. Plaintiff Mendoza brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

92. At all relevant times, Plaintiff Mendoza and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Mendoza's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

93. The claims of Plaintiff Mendoza stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

94. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

95. At all times relevant to this action, Defendants were Plaintiff Mendoza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mendoza (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

96. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

98. Defendants failed to pay Plaintiff Mendoza (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

99. Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

100. Plaintiff Mendoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

101. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

102. At all times relevant to this action, Defendants were Plaintiff Mendoza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mendoza (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

103. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

104. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

105. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Mendoza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

106. Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

107. Plaintiff Mendoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

108. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

109. At all times relevant to this action, Defendants were Plaintiff Mendoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiff Mendoza (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

110. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mendoza (and the FLSA Class members) less than the minimum wage.

111. Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

112. Plaintiff Mendoza (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS**

113. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

114. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mendoza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

115. Defendants failed to pay Plaintiff Mendoza (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

116. Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

117. Plaintiff Mendoza (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

118. Plaintiff Mendoza repeats and re-alleges all paragraphs above as though fully set forth herein.

119. Defendants failed to pay Plaintiff Mendoza (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mendoza's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

120. Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members) an additional hour's pay for each day Plaintiff Mendoza's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

121. Plaintiff Mendoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

122. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

123. Defendants failed to provide Plaintiff Mendoza with a written notice, in English

and in Spanish (Plaintiff Mendoza's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

124. As a result of Defendants' failure to furnish accurate statements to Plaintiff Mendoza, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

125. Defendants are liable to Plaintiff Mendoza in the amount of $5,000, together with costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

126. Plaintiff Mendoza repeats and realleges all paragraphs above as though set forth fully herein.

127. Defendants did not provide Plaintiff Mendoza with a statement of wages with each payment of wages, as required by NYLL 195(3).

128. As a result of Defendants' failure to furnish accurate statements to Plaintiff Mendoza, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

129. Defendants are liable to Plaintiff Mendoza in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**

130. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

131. Defendants are an employer within the meaning of the New York State Human Rights Law.

132. Defendants wrongfully discriminated against Plaintiff Mendoza because of her pregnancy, contrary to the New York Human Rights Law, N.Y. Exec. L. § 296.

133. In discriminating again Plaintiff Mendoza because of her pregnancy, Defendants and their agents and employees knew and acted in deliberate disregard of Plaintiff Mendoza's lawful civil rights.

134. Plaintiff Mendoza has been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

135. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

136. Defendants are an employer within the meaning of the New York City Human Rights Law.

137. Defendants wrongfully discriminated against Plaintiff Mendoza because of her pregnancy, contrary to the New York City Human Rights Law, N.Y.C.A.C. § 8-107.

138. In discriminating against Plaintiff Mendoza because of her pregnancy, Defendants and their agents and employees knew and acted in deliberate disregard of Plaintiff Mendoza's lawful civil rights.

139. Plaintiff Mendoza has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mendoza respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendoza and the FLSA class members

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendoza and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under the FLSA with respect to Plaintiff Mendoza's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Mendoza and the FLSA class members;

(f) Awarding Plaintiff Mendoza and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Mendoza and the FLSA class members liquidated

damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendoza and the members of the FLSA Class

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendoza and the members of the FLSA Class;

(j) Declaring that Defendants violated the unauthorized deduction provisions of the NYLL as to Plaintiff Mendoza and the members of the FLSA Class;

(k) Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Mendoza;

(l) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Mendoza and the members of the FLSA Class;

(m) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Mendoza's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(n) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Mendoza and the FLSA Class members;

(o) Awarding Plaintiff Mendoza and the FLSA class members damages for the

amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as spread of hours pay under the NYLL as applicable;

(p) Awarding Plaintiff Mendoza damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q) Awarding Plaintiff Mendoza and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(r) Awarding Plaintiff Mendoza and the FLSA class members pre-judgment and post-judgment interest as applicable;

(s) Awarding Plaintiff Mendoza and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(t) Awarding Plaintiff Mendoza compensatory damages and all other appropriate relief under the NYHRL,

(u) Awarding Plaintiff Mendoza compensatory damages, punitive damages, attorneys' fees, and all other appropriate relief under the NYCHRL,

(v) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(w) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Mendoza demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 14, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ *Michael Faillace*
By: Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com


July 29, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Alexia Mendoza Vasquez

Legal Representative / Abogado: Michael Faillace & Associares, P.C.

Signature / Firma: ______________________

Date / Fecha: July 29, 2026